### No. 2280
### Second Circuit

---

### AMERICAN LAW BOOK CO. v. JONES, JR.

---

(November 6, 1926. Opinion and Decree.)

---

*(Syllabus by the Editor)*

1. **Louisiana Digest—Action—Par. 1, 2; Pleading—Par. 62.**

An allegation in a petition that books were "sold and furnished" is equivalent to an allegation that books had been "sold and delivered" and states a cause of action.

2. **Louisiana Digest—Action—Par. 1, 2; Pleading—Par. 62.**

A petition in a suit on promissory notes, signed by defendant, correctly describing them states a cause of action.

Appeal from the Eleventh Judicial District Court of Louisiana, Parish of Natchi-

toches. Hon. E. S. Prudhomme, Special Judge.

Action by American Law Book Company against J. W. Jones, Jr.

There was judgment for defendant and plaintiff appealed.

Judgment reversed and case remanded for trial.

Rusca & Cunningham, of Natchitoches, attorneys for plaintiff, appellant.

J. W. Jones, Jr., of Natchitoches, attorney for defendant, appellee.

WEBB, J. The plaintiff sued to recover judgment against defendant in the sum of one hundred and fifty-eight and 25-100 dollars, alleging that said amount is due and owing for books sold and furnished to defendant, as shown by twelve notes and an itemized account annexed to the petition.

The defendant excepted that the petition failed to state a cause of action, which was sustained, and plaintiff appealed.

### OPINION

Article 2 of the plaintiff's petition is as follows:

"That said amount is due and owing for law books sold and furnished the said Jas. W. Jones, Jr., as shown by photographic copy of original contract between petitioner and the said Jas. W. Jones, Jr., and twelve (12) notes in favor of petitioner for. $10.00 each, made and signed by said Jones, and attached itemized account, and affidavit as to the correctness of same, all of which, the contract, the twelve (12) notes, the itemized statement, and the affidavit is attached."

The notes attached were all past due and were drawn in the usual manner.

We are informed that the exception is based upon the failure of the plaintiff to allege that the books had been delivered.

We are of the opinion that the allegation that the claim was for books sold and furnished was equivalent to an allegation that the books had been delivered.

However, if this be not true, the petition states a right of action on the notes, and if the petition states a cause of action on any ground the exception cannot be sustained.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and the exception of "no cause of action" be overruled, and the cause remanded for trial; defendant to pay all costs of appeal.